UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 2:19-CR-183 |
| | ) | JUDGE CORKER |
| v. | ) | |
| | ) | |
| KRISTOPHER M. VOYLES | ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Kristopher M. Voyles, and the defendant's attorney, Nikki Pierce, Esquire, have agreed upon the following:

1. The defendant will plead guilty to count one of the indictment. Count One charges the offense of theft of Government property in violation of 18 U.S.C. § 641.

The punishment for this offense is as follows: imprisonment of not more than 10 years, a fine of not more than $250,000, supervised release of not more than three years, and a $100 mandatory special assessment fee, and the restitution set forth below.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count against the defendant in this indictment. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the indictment in this case and that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense of Count One charging theft of Government property are as follows:

  a. The thing of value described in the indictment belonged to the United States;

  b. The thing of value had a value that exceeded $1,000; ,

  c. The defendant stole or knowingly converted that thing of value to the defendant's own use;

  d. The defendant did so knowingly with the intent to deprive the owner of the use or benefit of that thing of value

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On October 9, 2019, defendant sought medical treatment for a physical condition at the Park West Medical Center in Knoxville, Tennessee. According to medical records, at the time of admission, defendant identified himself using the name of a veteran whose initials are M.H. Defendant also had in his possession certain identifying papers of M.H., including a Department of Veteran's Affairs ("VA") Form DD214, a Social Security card with M.H.'s name and Social Security Number, and a copy of M.H.'s birth certificate. Defendant is not M.H. and did not have permission or authority to use M.H.'s identity or his identity documents.

After a night's stay, defendant was scheduled to be discharged from Park West Medical Center on October 10, 2019. Before discharge, though, defendant spoke to medical personnel at the

Park West Medical Center about obtaining a psychiatric evaluation. Because medical personnel believed defendant was the veteran whose initials are M.H., arrangements were made with the Mountain Home VA Medical Center in Johnson City, Tennessee to transfer defendant to their facility for the requested evaluation. The same day, defendant was transferred and admitted to the Mountain Home VA Medical Center under the identity of the veteran whose initials are M.H.

Defendant is not a veteran and is not entitled to medical benefits, items, and services from the VA. Between October 10, 2019, until October 17, 2019, defendant, by impersonating the veteran whose initials are M.H., received and converted to his own use medical benefits, items, and services from the VA that he otherwise was not entitled to receive or use.

Law enforcement learned of the offense on October 16, 2017, when one of defendant's relatives contacted the VA Medical Center and spoke with a VA social worker. The relative advised that defendant had checked into the hospital using the name and identifiers of a veteran whose initials are M.H. and provided a physical description of defendant. Subsequent investigation by VA police revealed was not M.H., revealed defendant's true identity, and established that defendant was not a veteran or otherwise entitled to the medical benefits, items, and services he had received. Defendant was then arrested for an outstanding warrant that had been issued by the state of Georgia. At the time of arrest, defendant still had in his possession M.H.'s Form DD214, Social Security card, and birth certificate.

On October 21, 2019, at the Washington County Jail, an agent with the VA Office of Inspector General interviewed defendant. After providing defendant with *Miranda* warnings, defendant made a number of admissions. Among others, defendant admitted he used M.H.'s personal information at several Knoxville hospitals as well as at the Mountain Home VA Medical Center. Defendant claimed M.H. was his uncle and provided the agent with M.H.'s personal

3

identifiers, including his date of birth, Social Security number, and address. When questioned about his possession of M.H.'s Social Security card, birth certificate, and Form DD214, defendant said he went to the Veteran's Office in Knoxville, gave them M.H.'s information, and the Veteran's Office provided him with the documents. Defendant also admitted that he previously used M.H.'s name and information at the Atlanta VA Medical Center.

The VA OIG Special Agent then made several contacts with the veteran whose initials are M.H. M.H. advised that he knew defendant, but he had not seen him in four or five years. M.H. indicated that he had not been to the VA Medical Center in Atlanta or any hospitals in Knoxville. M.H. advised that he had recently received some bills from several Knoxville hospitals, and the VA in St. Louis had recently sent him a copy of his DD214 even though he had not requested one. When asked if M.H. gave defendant permission to use his identity and identifying documents, M.H. replied, "Absolutely not."

Subsequent investigation revealed that defendant had, in fact, impersonated M.H. at the Atlanta VA Medical Center, and that offense was prosecuted by the state of Georgia. In connection with that offense, in DeKalb County Superior Court, state of Georgia, defendant pled guilty to two counts of "Forgery in the First Degree," both felony offenses in violation of Georgia law. Defendant knew that he did not have permission to use or possess M.H.'s identity and M.H.'s identification documents based, in part, on those Georgia felony convictions.

Through impersonating M.H. at the VA Medical Center in Johnson City, defendant stole and converted to his own use and benefit the medical benefits, items, and services he received from the VA, an agency of the United States. The value of the stolen benefits, items, and services was $20,502.

5. The defendant is pleading guilty because the defendant is in fact guilty.

4

The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a)    the right to plead not guilty;

    b)    the right to a speedy and public trial by jury;

    c)    the right to assistance of counsel at trial;

    d)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e)    the right to confront and cross-examine witnesses against the defendant;

    f)    the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g)    the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a)    The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximums;

    b)    The Court will impose special assessment fees as required by law; and

    c)    The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office

and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s). The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), that the order of restitution will be in the amount of $20,502 to the Veteran's Administration as well as any amounts owed to the Veteran whose initials

6

are M.H. or to any other entities who suffered loss as a result of defendant's use of M.H.'s personal identifying information.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

7

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)  The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

9

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

12/14/2020
Date

By: *(signature)*
Mac D. Heavener, III
Assistant United States Attorney

12/03/2020
Date

*(signature)*
Kristopher M. Voyles
Defendant

12/03/2020
Date

*(signature)*
Nikki Pierce
Attorney for the Defendant

10